UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL REID | CIVIL ACTION |
| VERSUS | No. 13-5640 |
| FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment by defendant, Fidelity National Indemnity Company ("Fidelity"), to which plaintiff, Samuel Reid, has filed an opposition.[2] Fidelity has filed a reply,[3] to which plaintiff has filed a surreply.[4] For the following reasons, the motion is **GRANTED.**

## BACKGROUND

Fidelity is a Write-Your-Own Program ("WYO") Carrier participating in the National Flood Insurance Program ("NFIP").[5] Fidelity issued a Standard Flood Insurance Policy ("SFIP") to plaintiff for a property in Laplace, Louisiana.[6] The policy had building coverage limits of $211,500.00.[7]

On or about August 29, 2012, as a result of Hurricane Isaac, plaintiff's property flooded.[8] Plaintiff submitted a flood loss claim to Fidelity.[9] Fidelity assigned an independent adjuster to

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 25.
[3] R. Doc. No. 29.
[4] R. Doc. No. 34.
[5] R. Doc. No. 20-2, at 1; *see also* Local Rule 56.2.
[6] R. Doc. No. 20-3, at 2.
[7] R. Doc. No. 20-3, at 2.
[8] R. Doc. No. 20-2, at 1; R. Doc. No. 25-1, at 1.
[9] R. Doc. No. 20-2, at 1; R. Doc. No. 25-1, at 1.

inspect plaintiff's property.[10] Plaintiff signed a proof of loss ("POL") on September 24, 2012, in the amount of $49,471.19.[11] Fidelity issued a check to plaintiff for that amount.[12]

On February 28, 2013, a public adjuster that plaintiff hired, Dan Onofrey ("Onofrey"), emailed Fidelity with an attached letter submitting a supplemental claim.[13] Fidelity issued a letter on March 21, 2013, to plaintiff denying the supplemental claim because Onofrey's estimate contained numerous items not covered under the SFIP and/or items that were not damaged directly by flood water.[14]

On March 19, 2013, the Federal Emergency Management Agency ("FEMA") issued WYO Bulletin 13014 authorizing an extension of the time period within which a named insurer under a SFIP must submit a signed and sworn proof of loss to the WYO Program carrier following a Hurricane Isaac flood loss.[15] This extension gave SFIP policyholders a total of 240 days from the date of loss to submit a signed and sworn POL.[16] To date, Fidelity has not received a signed and sworn POL from plaintiff for the additional amount that plaintiff claims Fidelity owes him under his SFIP.[17]

On August 28, 2013, plaintiff filed this breach of contract lawsuit against Fidelity seeking additional policy benefits.[18] On June 4, 2014, Fidelity filed the instant motion for summary

---

[10] R. Doc. No. 20-2, at 1-2; R. Doc. No. 25-1, at 1.
[11] R. Doc. No. 20-2, at 2; R. Doc. No. 25-1, at 2.
[12] R. Doc. No. 20-2, at 2; R. Doc. No. 25-1, at 2.
[13] R. Doc. No. 20-2, at 2; R. Doc. No. 25-1, at 2; *see also* R. Doc. No. 34, at 1.
[14] R. Doc. No. 20-2, at 2; R. Doc. No. 25-1, at 2.
[15] R. Doc. No. 20-2, at 2-3; R. Doc. No. 25-1, at 2.
[16] R. Doc. No. 20-2, at 3; R. Doc. No. 25-1, at 2.
[17] R. Doc. No. 20-2, at 3.
[18] R. Doc. No. 25, at 1; *see also* R. Doc. No. 1, at 3.

judgment.[19] Fidelity seeks summary judgment on the basis that plaintiff failed to submit a timely signed and sworn POL for the additional payment sought by plaintiff.[20]

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The

---

[19] R. Doc. No. 20.
[20] R. Doc. No. 20-1, at 2.

3

nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## ANALYSIS

Article VII(J) of the SFIP provides, in pertinent part, that when an insured suffers a loss the insured is expressly required to send the WYO carrier a POL. 44 C.F.R. § 61 app. (A)(1), art. VII(J). Further, POL statements must be "signed and sworn to by [the insured]." *Id.* at (J)(4). "The regulations state that no provision of the SFIP can be waived without express consent of the Federal Insurance Administrator." *Marseilles Homeowners Condo. Ass'n, Inc., v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008). Submitting a sworn POL is a "condition precedent." *Id.* "[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).

Fidelity moves for summary judgment on the basis that plaintiff failed to submit a timely signed and sworn POL for additional damages as required by Article VII(J)(4).[21] Plaintiff argues that: (1) an initial POL coupled with later-issued estimates constitutes a complete POL; and (2) the adjuster's signature on the estimate is equal to, or even superior to, the plaintiff-insured's signature.[22] The Court considers each argument in turn.

Plaintiff's argument[23] that an initial POL followed by a later-issued estimate constitutes a complete POL is unpersuasive. The Fifth Circuit has rejected this theory of "substantial compliance." *See Richardson v. Amer. Bankers Ins. Co.*, 279 F. App'x 295, 299 (5th Cir. 2008); *see also Marseilles*, 542 F.3d at 1056; *Gowland*, 143 F.3d at 954. "[T]he provisions of an

---

[21] R. Doc. No. 20-1, at 5.
[22] R. Doc. No. 25, at 2-3; R. Doc. No. 34, at 1.
[23] R. Doc. No. 25, at 2-3.

4

insurance policy issued pursuant to a federal program must be strictly construed and enforced . . . ." *Richardson*, 279 F. App'x at 299 (quoting *Gowland*, 143 F.3d at 954). Similar to the plaintiff here who did not submit a second signed and sworn POL, the insured in *Richardson* sought additional payments by providing estimates and a written request but never submitted a sworn POL for the additional sum. *Id.* at 297. Because the plaintiff in *Richardson* did not support the second claim with a sworn POL, the plaintiff did not satisfy a condition precedent to receiving money under the NFIP. *Id.* at 297-98. No exception to this "strict requirement" exists that would allow plaintiff's initial POL to essentially roll-over as a POL for his second claim. *See Marseilles*, 542 F.3d at 1055-56.[24]

In addition, the plaintiff's statement of uncontested material facts does not address the part of Fidelity's statement of uncontested facts that provides: "Fidelity has not received a *signed and sworn proof of loss* from Plaintiff for any additional amount claimed."[25] Local Rule 56.2 establishes that plaintiff's failure to address that uncontested fact is an admission that plaintiff did not submit an additional signed and sworn to proof of loss for the additional claim.

Plaintiff's argument that the adjuster's signature on the estimate carries weight equal to, or superior to, his own signature is not supported by the regulatory language. The statute expressly requires that the *insured* submit a sworn POL that is signed and sworn to by the *insured*. 44 C.F.R. § 61 app. (A)(1), art. VII(J)(4). For example, in *Darouiche v. Fidelity National Insurance Co.*, the Fifth Circuit held that a nonparty to the suit "cannot furnish the requisite compliance." 415 F. App'x 548, 554 (5th Cir. 2011). Here, the adjuster is not a party to the suit; therefore, the adjuster's signature does satisfy the statutory requirement.

---

[24] Plaintiff relies on *Young v. Imperial Fire & Casualty Insurance Co.*, 2014 WL 1456408 (E.D. La. 2014), but there "[i]t [was] undisputed that the plaintiffs submitted three signed, sworn Proof of Loss" forms. *Id.* at 3.

[25] R. Doc. No. 20-2, at 3 (emphasis added).

In the alternative, even if the adjuster's signature were sufficient, this argument still fails because the document was not sworn to. *See Richardson*, 279 F. App'x at 299. Plaintiff essentially concedes this fact in his argument, never contending that Fidelity received a signed and sworn POL.[26] A signed but unsworn POL is insufficient. *See, e.g.*, *Marseilles*, 542 F.3d at 1055; *Richardson*, 279 F. App'x at 297.

## CONCLUSION

Defendant's motion highlights the absence of any evidence of a signed and sworn POL by plaintiff. *See Celotex*, 477 U.S. at 323; *Fontenot*, 780 F.2d at 1195. Plaintiff has not identified any facts to the contrary. *See Anderson*, 477 U.S. at 248. Plaintiff's arguments that he "substantially complied" with regulatory requirements and that the adjuster's signature on the estimate is sufficient compliance are contrary to controlling Fifth Circuit precedent. Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment is **GRANTED** and that the plaintiff's claim is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, July 14, 2014.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[26]*See* R. Doc. No. 34, at 1.

6